<div style="color:red; text-align:center">CORRECTED</div>

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 22-1526V

| | |
|---|---|
| THELLYS ANN WALDEN, *personal Representative of* ESTATE OF BILLY EDWIN WALDEN,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: February 7, 2025 |

*Frank Stout*, Stout Law Office, Ada, Ok, for Petitioner.

*Colleen Clemons Hartley*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

  On October 17, 2022, Thellys Ann Walden, Personal Representative of the Estate of Billy Edwin Walden, deceased, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that Billy Edwin Walden suffered Guillain Barré syndrome, and ultimately his death, as a result of an influenza vaccine administered on October 21, 2020.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petition at 1. On December 14, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 34.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $56,809.47(representing $55,195.00 in fees plus $1,614.47 in costs). First Motion for Attorneys' Fees and Costs ("Motion") filed July 11, 2024, ECF No. 38. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 38-3.

Respondent reacted to the motion on July 11, 2024, representing that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 39. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a minor reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1.

2

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### 1. Hourly Rates

Petitioner requests the rate of $475.00 per hour for all time billed by attorney Frank Stout from 2021-24. Mr. Stout has been a licensed attorney since 1988, with experience in mostly criminal and some civil matters in Ada, Oklahoma. Motion, Ex. 4. The requested rates are all within the Vaccine Program's published range for attorneys at his level of overall experience, albeit on the highest end of the range. But Mr. Stout does not have demonstrated Vaccine Act experience, with this matter being his first case (and only case to date) in the Program. It is therefore improper for Mr. Stout to receive rates established for comparably experienced counsel who *also* have lengthy experience in the Program. *McCulloch*, 2015 WL 5634323, at *17.

Based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys I find the rates of **$400 per hour for 2021, $425 per hour for 2022, and $450 per hour for 2023** to be more appropriate for Mr. Powell. The rate of $475 per hour for time billed in 2024 shall be awarded. Application of these rates reduces the amount to be awarded herein by **$4,780.00.**

### 2. Paralegal Tasks

In some instances, Mr. Stout has charged attorney rates for tasks considered to be more paralegal in nature. But in the Program, although attorneys may be compensated for paralegal-level work, they may only charge a rate that is comparable to what would be paid for a paralegal.[3] *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-

---

[3] These tasks are for multiple entries regarding requesting medical records, scanning, uploading and filing documents. A total of 15 hours of time billed on the following dates: 04/01/2022; 06/05/2022; 10/17/2022; 12/07/2022; 12/08/2022; and 12/19/2022. ECF No. 38 – 1 at 1.

7 Fed. Cl. Spec. Mstr. Dec. 23, 2008). I therefore reduce his rate for such work to $160 per hour for the entries considered to be paralegal tasks. This further reduces the fees to be awarded by **$3,900.00.**

   3. **Excessive Billing**

Special Masters have previously reduced fees for work attributable to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.,* No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by ten percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.,* No. 11-65V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).

Invoices show that Mr. Stout billed excessively for review of Court filings. For example, Mr. Stout billed 1.2 hours to review a two-paragraph status report filed on June 8, 2023, and also billed 2.5 hours to prepare and file a one-page (consisting of a total of three sentences) status report on November 27, 2023. ECF No. 38 – 1. [4]

In addition, bills submitted in comparable Vaccine Program cases have sought considerably less for the same work performed. *See Allen v. Sec'y of Health & Human Servs., No.* 18-0693V, 2020 WL 1670708, (Fed. Cl. Spec. Mstr. March 4, 2020) (billing a total of 119 hours from July 2017 – February 2020); *Kirkpatrick v. Sec'y of Health & Human Servs.,* No. 18-1271V, 2020 WL 1866855 (Fed. Cl. Spec. Mstr. March 10, 2020) (billing a total of 133 hours from January 2017 – January 2020) and *Barrera v. Sec'y of Health & Human Servs.,* No. 18-1304V, 2020 WL 1486803, (Fed. Cl. Spec. Mstr. February 12, 2020) (billing a total of 59.6 hours from January 2017 – February 2020). The excessive time devoted to this matter likely reflects counsel's inexperience in the Vaccine Program, but is not properly compensated in full.

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants.". *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). I hereby reduce the request for attorney fees by a total of 10 percent. This results in an additional reduction of **$4,651.50.**[5]

---

[4] Entries that have time considered to be excessive are as follows; 06/08/23 (1.20hrs); 06/14/23 (0.80hrs); 07/24/23 (1.30hrs); 08/09/23 (0.70hrs); 09/08/23 (2.50hrs); 09/22/23 (1.50 hrs); 10/27/23 (0.50hrs); 11/27/23 (2.50hrs); 12/08/23 (0.90hrs); 12/12/23 (1.0hrs); and 01/17/23 (1.70hrs).

[5] This amount consists of 10 percent of the overall total after application of hourly rate reductions. ($46,515 x .10 = $4,651.50).

## ATTORNEY COSTS

Petitioner has provided sufficient supporting documentation for all claimed costs. ECF No. 38-2. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $43,477.97 (representing $41,863.50 in fees plus $1,614.47 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

<div style="text-align:right">

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

</div>

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.